1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVARE MONROE GRANT, | Case No.  1:15-cv-01837-BAM-PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF |
| v. | |
| J. SCALIA, et al., | |
| Defendants. | THIRTY-DAY DEADLINE |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1] Currently before the Court is Plaintiff's complaint, filed November 30, 2015.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on December 15, 2015. (ECF No. 7.)

1  1915(e)(2)(B).

2      A complaint must contain "a short and plain statement of the claim showing that the

3  pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

4  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

5  conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell

6  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate

7  that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v.

8  Williams, 297 F.3d 930, 934 (9th Cir.2002).

9      Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

10  liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d

11  1113, 1121 (9th Cir. 2012)(citations omitted).  To survive screening, Plaintiff's claims must be

12  facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer

13  that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss

14  v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant

15  has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

16  liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572

17  F.3d at 969.

18  **II.**

19  **COMPLAINT ALLEGATIONS**

20      Plaintiff, an inmate in the custody of the California Department of Corrections and

21  Rehabilitation (CDCR) at CSP Corcoran, brings this action against defendant correctional

22  officials employed by the CDCR at CSP Corcoran.  Plaintiff names the following individual

23  defendants:  former CDCR Secretary Matthew Cate; Chief Deputy Warden F. Montoya; Chief

24  Deputy Warden M. Sexton; Chief of Appeals M. Voong; Appeals Examination Warden R.

25  Pimentel; M. Cisneros; Lieutenant V. Marmolejo; Lt. R. Ruiz; Correctional Officer (C/O) O.

26  Rubalcaba; C/O J. Scalia.

27      Plaintiff alleges that Defendants Scalia and Rubalcaba were passing out breakfast and

28  lunch meals.  Plaintiff was refused his meals on that day.  Plaintiff alleges that Defendant Scalia

2

"decided to also use this method as a discipline sanction by writing me up on rule violation reports to justify his and defendant A. Rubalcaba's misconduct." (Compl. p. 5.)    Plaintiff alleges that Defendant Ruiz, as the supervising Lieutenant, approved the disciplinary charge. Defendant Marmolejo found Plaintiff guilty, and assessed a loss of 60 days of privileges. Plaintiff alleges that Marmolejo refused to acknowledge existing policy that prohibits denying an inmate food as punishment.   Plaintiff alleges that Defendant Montoya denied Plaintiff's grievance at the second level of review, and that Defendant Voong committed the same offense by denying Plaintiff's grievance at the third level of review.   Plaintiff similarly alleges that Defendants Pimentel and Sexton were on notice of the violations via their participation in the grievance process.  Plaintiff attaches as an exhibit to his complaint a copy of the CDCR 115 at issue.[2]

Plaintiff was charged with a violation of Title 15 of the California Code of Regulation, Section 3005(b), refusing a direct order.  The disciplinary charge was authored by Defendant Scalia, and indicates that Defendants Scalia and Rubalcaba approached Plaintiff's cell door to distribute his meal, and noticed that Plaintiff's cell door was over half way covered with magazine pages and it was so dark that they could not see into Plaintiff's cell.  Plaintiff was ordered to uncover his cell door window.  Plaintiff did not uncover his cell door window and threatened to cover it up completely.  The grievance further indicates that per Administrative Segregation Operational Procedure 220, security section "H", windows and lights will remain completely uncovered at all times and refusal to comply will result in a refusal of the inmate's meal.

## III.

## DISCUSSION

### A.  Deprivation of Meals

The Eighth Amendment protects a prisoner's right to receive food "adequate to maintain health."  Lemaire v. Maas, 12 F.3d 1444, 1456 (9th Cir. 1993).  The Ninth Circuit has held that

---

[2] The Court is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.  See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); Steckman v. Hart Brewing, 143 F.3d 1293, 1295-96 (9th Cir. 1998).

1   denial of 16 meals in 23 days "is a sufficiently serious deprivation because food is one of life's
2   basic necessities." <u>Foster v. Runnels</u>, 554 F.3d 807, 812-13 (9th Cir. 2009).  In that case, the
3   court did not reach the conclusion whether the meals Plaintiff did receive were adequate to
4   maintain his health.  Other cases finding a sufficiently serious deprivation involve the plaintiff
5   being deprived of food entirely for more than two consecutive days.  <u>See</u> <u>Dearman v. Woodson</u>,
6   429 F.2d 1288, 1289 (10th. Cir. 1970)(no food for twelve days); <u>Reed v. McBride</u>, 178 F.3d 849,
7   853 (7th Cir. 1999)("infirm" plaintiff did not receive food for 3-4 days at a time); <u>Robles v.</u>
8   <u>Coughlin</u>, 725 F.2d 12, 16 (2d Cir. 1983)(no food for 12 days, some consecutive, out of 53-day
9   period).  In another case, the court found that depriving plaintiff of four consecutive meals in two
10  days is a sufficiently serious deprivation.  <u>Simmons v. Cook</u>, 154 F.3d 05, 809 (8th Cir. 1998).

11         The Seventh Circuit, deciding a case involving a prisoner's meal deprivation as a result
12  of his refusal to follow a mealtime rule, found that the plaintiff's 45-pound weight loss over a
13  period of 2.5 years was not enough to rise to the level of cruel and unusual punishment.  <u>Freeman</u>
14  <u>v. Berge</u>, 441 F.3d 543, 547 (7th Cir. 2006).  In that case, the court found that, aside from weight
15  loss, the plaintiff had not experienced any "real suffering" or alleged any "lasting detrimental
16  consequence."   Thus, the meal deprivation was not a sufficiently serious deprivation to bring an
17  Eighth Amendment claim.  <u>Id</u>. at 547.  The Fifth Circuit expressed doubt that the plaintiff's
18  alleged fifteen-pound weight loss as a result of missing fifty meals in five months was enough to
19  establish that he was deprived of "anything close to a minimal measure of life's necessities."
20  <u>Talib v. Gilley</u>, 138 F.3d 211, 214 n.3 (5th Cir. 1998).  Thus, although missing several meals in a
21  short period of time may be a sufficiently serious deprivation, the deprivation does not rise to the
22  level of an Eighth Amendment violation unless the meals the plaintiff receives are not enough to
23  maintain his health.

24         Here, the facts alleged do not rise to the level of a constitutional violation.  Plaintiff
25  alleges, at most, a denial of breakfast and lunch for one day.  Further, Plaintiff has attached as an
26  exhibit to his complaint documents indicating that his meals were refused because of Plaintiff's
27  failure to comply with an order to remove the paper from his cell window.  Defendants refused
28  Plaintiffs' meal in accord with CDCR policy allowing for the refusal of meals for an inmate's

4

1  refusal to comply with orders to uncover his window and light.  Plaintiff therefore fails to state a

2  claim for relief for denial of meals.

3      **B. Disciplinary Process**

4      Regarding any claim has relating to his disciplinary charge, "prison disciplinary

5  proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant

6  in such proceedings does not apply."  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  With

7  respect to prison disciplinary proceedings, the minimum procedural requirements that must be

8  met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner

9  receives written notice and the time of the hearing, so that the prisoner may prepare his defense;

10  (3) a written statement by the fact finders of the evidence they rely on and reasons for taking

11  disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting

12  him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5)

13  legal assistance to the prisoner, where the prisoner is illiterate or the issues presented are legally

14  complex.  Id. at 563-71.  As long as the five minimum Wolff requirements are met, due process

15  has been satisfied.  Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994).  Although Plaintiff

16  may disagree with the result, he does not allege any facts indicating that he was not afforded due

17  process in his disciplinary hearing.  Any claim related to Plaintiff's disciplinary hearing should

18  therefore be dismissed.

19      **C. Supervisor Liability**

20      Plaintiff names as Defendants individuals who are employed in a supervisory capacity.

21  Government officials may not be held liable for the actions of their subordinates under a theory

22  of respondeat superior.  Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009).  Since a government

23  official cannot be held liable under a theory of vicarious liability for section 1983 actions,

24  Plaintiff must plead that the official has violated the Constitution through his own individual

25  actions.  Id. at 673.  In other words, to state claim for relief under section 1983, Plaintiff must

26  link each named defendant with some affirmative act or omission that demonstrates a violation

27  of Plaintiff's federal rights.  Plaintiff has not alleged personal participation by any of the

28  supervisory Defendants in any conduct that deprived Plaintiff of a protected right.  The

1  supervisory Defendants should therefore be dismissed.

2  Further, Plaintiff may not hold an individual liable simply because they participated in

3  the inmate grievance process.  There is no liberty interest in a prison grievance procedure as it is

4  a procedural right only.  Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Buckley v. Barlow,

5  997 F.2d 494, 495 (8th Cir. 1993).   The prison grievance procedure does not confer any

6  substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for

7  liability under section 1983.  Buckley, 997 F.2d at 495.  Plaintiff therefore fails to state a claim

8  for relief against any Defendant merely for their participation in reviewing Plaintiff's inmate

9  grievance.

10  **IV.**

11  **CONCLUSION AND ORDER**

12  For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may

13  be granted.  Plaintiff is granted leave to file an amended complaint within thirty (30) days.  Noll

14  v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this

15  suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605,

16  607 (7th Cir. 2007)(no "buckshot" complaints).

17  Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what

18  each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.

19  Iqbal, 556 U.S. 662, 678.  "The inquiry into causation must be individualized and focus on the

20  duties and responsibilities of each individual defendant whose acts or omissions are alleged to

21  have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

22  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief

23  above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

24  Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana,

25  Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987),

26  and must be "complete in and of itself without reference to the prior or superseded pleading,"

27  Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in

28  an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers

1    Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

2          Based on the foregoing, it is HEREBY ORDERED that:

3    1.    The Clerk's Office shall send to Plaintiff a civil rights complaint form;

4    2.    Plaintiff's complaint, filed November 30, 2015, is dismissed for failure to state a

5          claim;

6    3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a

7          first amended complaint or a notice of voluntary dismissal; and

8    4.    If Plaintiff fails to file an amended complaint in compliance with this order, the

9          Court will dismiss this action, with prejudice, for failure to state a claim and to

10         obey a court order.

11

12   IT IS SO ORDERED.

13   Dated:   **February 19, 2016**              /s/ *Barbara A. McAuliffe*

14                                          UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28