# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVARE MONROE GRANT,<br><br>Plaintiff,<br><br>v.<br><br>J. SCALIA, et al.,<br><br>Defendants. | Case No. 1:15-cv-01837-BAM-PC<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Travare Monroe Grant is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (ECF No. 7.)

Currently before the Court is Plaintiff's second amended complaint, filed on August 24, 2016. (ECF No. 13.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1         A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

        Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF SECOND AMENDED COMPLAINT ALLEGATIONS

        Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR") at California State Prison ("CSP"), Sacramento. Plaintiff brings this action against defendant correctional officials employed by the CDCR at CSP Corcoran. Plaintiff names the following individual defendants: Lieutenant F. Montoya; Chief Deputy Warden M. Sexton; Chief of Appeals M. Voong; Appeals Examination Warden R. Pimentel; Chief Deputy Warden M. Cisneros; Lieutenant V. Marmolejo; Lt. R. Ruiz; Correctional Officer O. Rubalcaba; and Correctional Officer J. Scalia.

        Plaintiff alleges as follows: In his Muslim faith, all Muslims pray five times a day beginning from early morning hours. On March 2, 2015, Plaintiff was body washing in his cell to prepare for morning prayer, and he was naked. Defendants Rubalcaba and Scalia arrived to serve

him breakfast and lunch and noticed his window was covered. They ordered Plaintiff to take off the cover that only blocked a small portion of the window. Plaintiff told Defendants Rubalcaba and Scalia that it was against his Islamic faith to appear naked in front of men. Defendants Rubalcaba and Scalia replied by telling Plaintiff that he was being refused his breakfast and lunch meals, and that he would be receiving a disciplinary action.

On April 7, 2015, Plaintiff was again body washing in his cell, preparing for morning prayer with his window covered halfway while he was naked. Defendants Rubalcaba and Scalia approached to serve Plaintiff breakfast and lunch, and ordered him to take down the window cover. Plaintiff again told them it was against his Islamic faith to appear naked in front of men. Defendants Rubalcaba and Scalia refused Plaintiff his meals and told him that he would be receiving a CDC 115 disciplinary action.

Defendant F. Montoya was the supervising sergeant of Plaintiff's housing unit, and approved the denial of meals. Defendant R. Ruiz interviewed Plaintiff, and Plaintiff told Defendant Ruiz that when he is preparing for morning prayer by body washing, he is refused his meals for window covers. Defendant Ruiz approved the disciplinary charge, and told Plaintiff that until he stopped his preparations, there will be refused meals.

Plaintiff requested to receive privileged meal delivery allowance during the morning hours in his grievance. Defendant M. Sexton denied Plaintiff relief at the second level of review. Plaintiff pleaded his grievance at the third level, and Defendants M. Voong and R. Pimental denied Plaintiff relief.

Defendant Marmolejo was the hearing officer for Plaintiff's CDC 115 disciplinary action for the April 7, 2015 incident. Defendant Marmolejo omitted consideration of Plaintiff's religious rights defense. Defendant M. Cisneros approved the meal refusals.

Plaintiff alleges that his First Amendment right to freedom of religion, his Fourteenth Amendment right to equal protection, and his right to be free from retaliation, were violated. Plaintiff seeks monetary damages.

///

///

3

## III.

## DISCUSSION

### A. Previous Complaints and Screening Orders

Plaintiff filed his original complaint in this action on November 30, 2015. (ECF No. 1.) In the original complaint, Plaintiff set forth claim of deprivation of his meals in violation of the Eighth Amendment, due process violations regarding his disciplinary process, and supervisory liability.

Plaintiff also attached as an exhibit to his original complaint a copy of the CDCR Form 115 regarding the April 7, 2015 incident. According to that form, Plaintiff was charged with a violation of Title 15 of the California Code of Regulation, Section 3005(b), refusing a direct order. The disciplinary charge was authored by Defendant Scalia, and indicates that Defendants Scalia and Rubalcaba approached Plaintiff's cell door to distribute his meal, and noticed that Plaintiff's cell door was over half way covered with magazine pages and it was so dark that they could not see into Plaintiff's cell. Plaintiff was ordered to uncover his cell door window. Plaintiff did not uncover his cell door window and threatened to cover it up completely. The grievance further indicates that per Administrative Segregation Operational Procedure 220, security section "H", windows and lights will remain completely uncovered at all times and refusal to comply will result in a refusal of the inmate's meal.

On February 19, 2016, the Court dismissed the original complaint for failure to state a cognizable claim for relief, with leave to amend. (ECF No. 9.)

On March 4, 2016, Plaintiff filed a first amended complaint. (ECF No. 10.) In the first amended complaint, Plaintiff attempted to cure the deficiencies with his original claims, and added claims of Fourth Amendment violations, retaliation, and "First and Fourteenth Amendment discrimination."[1]

On August 15, 2016, the first amended complaint was dismissed for the failure to state a cognizable claim for relief. (ECF No. 12.) The Court determined that Plaintiff's allegations

---

[1] The allegations of the first amended complaint did not reference Plaintiff's religion or membership in any other protected class.

4

1 concerning his original claims of the deprivation of meals in violation of the Eighth Amendment, due process violations during the disciplinary process, and regarding supervisory liability, did not state a claim and that further amendment was not warranted. (Id. at pp. 4-7.) The Court also determined that Plaintiff's allegations concerning his new claims of Fourth Amendment violations, retaliation, and discrimination were not sufficient to state a cognizable claim. However, he was granted leave to amend to attempt to correct the deficiencies identified with respect to those new claims.

Consequently, the Court screens Plaintiff's second amended complaint in the context of this procedural history.

### B. Current Claims

#### 1. Free Exercise Clause

The Free Exercise Clause provides, "Congress shall make no law ... prohibiting the free exercise" of religion. U.S. CONST. amend I. Inmates retain the protections afforded by the First Amendment, "including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (citing Cruz v. Beto, 405 U.S. 319, 322 (1972) (per curiam)). The First Amendment is made applicable to state action by incorporation through the Fourteenth Amendment. Everson v. Bd. of Educ. of Ewing Twp., 330 U.S. 1, 8 (1947).

However, "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Id. (quoting Price v. Johnston, 334 U.S. 266, 285 (1948)). A prison regulation may therefore impinge upon an inmate's right to exercise his religion if the regulation is "reasonably related to legitimate penological interests." Shakur v. Schriro, 514 F.3d 878, 884 (9th Cir. 2008) (citations omitted). Thus, prisons may lawfully restrict religious activities for security purposes and other legitimate penological reasons. Turner v. Safley, 482 U.S. 78, 89–90 (1987); Pierce v. County of Orange, 526 F.3d 1190, 1209 (9th Cir. 2008). Furthermore, the Supreme Court has held that generally-applicable laws that incidentally burden a particular religion's practices do not violate the First Amendment. Employment Div. v. Smith, 494 U.S. 872, 878 (1990).

1    Claims for violation of the Free Exercise Clause of the First Amendment are used to
2 challenge state or government statutes, regulations, and/or established policies. Thus, in order to
3 state a cognizable claim for their violation, a plaintiff must identify an allegedly offending
4 statute, regulation, or established policy.

5    To the extent Plaintiff is basing a claim on the operational procedure which required that
6 windows and lights shall be completely uncovered at all times, he has failed to state a claim for
7 the violation of the Free Exercise Clause. Under Turner, the Court considers: (1) whether the
8 restriction has a logical connection to the legitimate government interests invoked to justify it;
9 (2) whether there are alternative means of exercising the rights that remain open to the inmate;
10 (3) the impact that accommodation of the asserted constitutional right will have on other inmates,
11 guards, and institution resources; and (4) the presence or absence of alternatives that fully
12 accommodate the inmate's rights at de minimis cost to valid penological interests. Turner, 483
13 U.S. at 89-91.

14    Here, as discussed above, Plaintiff attached documentation to his complaint indicating
15 that the operational procedure is a general rule requiring uncovered cell windows for security
16 purposes. Prison officials have a legitimate penological interest in the security of the institution.
17 See, e.g., O'Lone, 482 U.S. at 348. Plaintiff has alleged that he was covering part of his cell
18 window while bathing in preparation for prayer. He has further alleged that his Islamic faith does
19 not permit him to appear naked in front of other men. The Court will assume for screening
20 purposes that these practices are rooted in Plaintiff's sincerely-held religious beliefs. However,
21 these allegations are insufficient to show that Plaintiff is being denied any means of religious
22 expression by being prohibited from covering his cell windows. As currently pleaded, the impact
23 of the general operational procedure on Plaintiff's religious practices is incidental.

24    Plaintiff has also alleged that he requested in a grievance to receive a "privileged meal
25 delivery allowance during the morning hours" as an accommodation. This allegation is too vague
26 and insufficient for the Court to determine the impact of the accommodation on the institution,
27 guards, and institutional resources, and whether the impact and costs of that accommodation
28 would be de minimus. The Court has reviewed the grievance attached to the complaint, but

1 cannot find any information about the alleged accommodation Plaintiff is referencing here. Thus, Plaintiff fails to state a cognizable claim for the violation of the Free Exercise clause.

### 2. Equal Protection Clause

The Equal Protection Clause requires the state to treat all similarly-situated people equally. See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). To prevail on an Equal Protection claim brought under § 1983, a plaintiff must allege facts plausibly showing that "the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." See Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005) (quoting Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001)). Under this theory of equal protection, the plaintiff must show that the defendant's actions were a result of the plaintiff's membership in a suspect class, such as a religious affiliation. Id. Mere indifference to the effect of a decision on the member of a protected class is not sufficient to show discriminatory intent, nor are conclusory statements of bias. Id. at 1166-67.

Plaintiff has sufficiently alleged membership in a protected class based upon his allegations that he is a Muslim. However, Plaintiff has not shown that any actions were taken against him based on discriminatory intent or animus due to his religion. Rather, Plaintiff has alleged that he was told to take down the cover blocking portions of his cell window, and the evidence he has submitted indicates his meals were refused and he received a disciplinary action because of his failure to comply with orders to remove that cover, based upon CDCR policy providing for those consequences.

Even if the Court assumes that Plaintiff's window covering was motivated by his religious beliefs as he has pleaded, this does not show that Plaintiff was treated differently or punished on the basis of his religion. As previously explained to Plaintiff, Plaintiff may allege an equal protection violation by demonstrating that he "received different treatment from that received by others similarly situated" and that the different treatment was due to his membership in a protected class. See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). Here, Plaintiff has not alleged any disparate or different treatment towards similarly situated inmates who are not members of religion.

1      Therefore, Plaintiff's allegations are insufficient to state a claim for a violation of the Equal Protection clause.

### 3. Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Silva, 658 F.3d at 1104; Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff fails to state a claim for relief on his retaliation claim. Plaintiff alleges vaguely that Defendants acted with retaliatory intent. Plaintiff does not explain what protected activity he engaged in, or what adverse action was taken against him because of that activity. Plaintiff made allegations in prior complaints about another grievance that was pending at the time he was refused meals and received the CDC 115 disciplinary action for the April 7, 2015 incident. However, he has not cured the defects previously identified in prior screening orders. Plaintiff has made fewer factual allegations on this issue than in his prior complaints.

Based upon Plaintiff's allegations in his first amended complaint and this current second amended complaint, the Court is persuaded that he is unable to allege any additional facts that would support a claim for retaliation in violation of the First Amendment, and further amendment of this claim would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted as to this claim. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

## IV.

## CONCLUSION AND ORDER

Plaintiff fails to correct the deficiencies identified in the previous screening order dismissing his claim of retaliation in violation of the First Amendment. That claim is therefore dismissed for failure to state a claim upon which relief could be granted. See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (dismissal with prejudice upheld where court had instructed plaintiff regarding deficiencies in prior order dismissing claim with leave to amend). In addition, that retaliation claim should be dismissed without leave to amend.

Regarding Plaintiff's free exercise and equal protection claims, the second amended complaint fails to state a claim upon which relief may be granted. Plaintiff shall be granted one final opportunity to amend his complaint to attempt to cure the above-described deficiencies in those claims. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff's third amended complaint must be filed within thirty (30) days. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's third amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

9

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;
2. Plaintiff's second amended complaint, filed August 24, 2016, is dismissed for failure to state a claim;
3. The claim of retaliation in violation of the First Amendment is dismissed without leave to amend;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a Third amended complaint or a notice of voluntary dismissal; and
5. If Plaintiff fails to file a third amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and to obey a court order.

IT IS SO ORDERED.

Dated: **April 12, 2017**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE