# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVARE MONROE GRANT,<br><br>    Plaintiff,<br><br>    v.<br><br>J. SCALIA, et al.,<br><br>    Defendants. | Case No. 1:15-cv-01837-BAM-PC<br><br>ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>ORDER THAT THIS DISMISSAL SHALL COUNT AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g) |

Plaintiff Travare Monroe Grant is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (ECF No. 7.)

Currently before the Court is Plaintiff's third amended complaint, filed on April 21, 2017. (ECF No. 20.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF THIRD AMENDED COMPLAINT ALLEGATIONS

Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR") at California State Prison ("CSP"), Sacramento. Plaintiff brings this action against defendant correctional officials employed by the CDCR at CSP-Corcoran. Plaintiff names the following individual defendants: Lieutenant F. Montoya; Chief Deputy Warden M. Sexton; Chief of Appeals M. Voong; Appeals Examination Warden R. Pimentel; Chief Deputy Warden M. Cisneros; Lieutenant V. Marmolejo; Lt. R. Ruiz; Correctional Officer O. Rubalcaba; and Correctional Officer J. Scalia.

Plaintiff alleges as follows: On March 2, 2015, Plaintiff was refused his breakfast and lunch in the morning hours by Defendants Scalia and Rubalcaba. Plaintiff told each defendant that under no circumstances shall prison meals be refused or withheld as a disciplinary sanction,

but Defendants Scalia and Rubalcaba refused the meals. On April 7, 2015, Defendants Scalia and Rubalcaba again refused Plaintiff his morning breakfast and lunch meal as a disciplinary sanction, despite a prohibition against prison meal refusals. Plaintiff attaches as an exhibit and references CDCR Form 114-A, inmate segregation record, showing that he refused breakfast and lunch on March 2, 2015 and March 3, 2015, and accepted dinner each of those days. Plaintiff also attaches a copy of a regulation stating that food shall not be withheld as a disciplinary sanction for any inmate. (ECF No. 20, p. 6.)

Plaintiff requested for his unit supervisor, Defendant Montoya, to discuss reimbursement of his meal, but was told by Defendant Montoya that despite the prohibition on refusing meals, he was not receiving the meals. Plaintiff spoke to Defendant Ruiz, whom was the lieutenant supervisor of the housing unit, and was also told the meals would be refused. Defendant Ruiz omitted Plaintiff's right to eat and was personally involved in Plaintiff's sanction reports.

In Plaintiff's disciplinary sanctions reports, he informed Defendants Marmolejo and Cisneros that it is against the law to refuse him a prison meal as a disciplinary sanction, that his cell was dark due to a power outage and all cell housing units were dark, that no defendant could see in his cell anyway, and that none of the defendants used their flashlights to see him.

Plaintiff appealed the meal refusal in and in an interview in person with Defendant Sexton over the phone, he informed Defendant Sexton about the prohibition on prison meal refusals. Defendant Sexton said the policy does not matter. After the interview, Plaintiff received a notice that Defendant Sexton denounced Plaintiff's right to eat and Defendant Sexton was personally involved in supporting prison meal refusal on March 2, 2015 and April 7, 2015. Defendants Voong and Pimentel both denounced Plaintiff's right to eat and failed to protect that right despite being on notice of the laws violated, specifically on March 2, 2015 and April 7, 2015. All Defendants were on notice of the power outage on March 2, 2015, which limited visual views in Plaintiff's cell.

Plaintiff asserts that his right to not be refused prison meals has been violated, and his right to equal protection of all laws was violated in protecting his right to eat.

///

## III.

## DISCUSSION

### A. Previous Complaints and Screening Orders

Plaintiff filed his original complaint in this action on November 30, 2015. (ECF No. 1.) In the original complaint, Plaintiff set forth claim of deprivation of his meals in violation of the Eighth Amendment, due process violations regarding his disciplinary process, and supervisory liability.

Plaintiff also attached as an exhibit to his original complaint a copy of the CDCR Form 115 regarding the April 7, 2015 incident. According to that form, Plaintiff was charged with a violation of Title 15 of the California Code of Regulation, Section 3005(b), refusing a direct order. The disciplinary charge was authored by Defendant Scalia, and indicates that Defendants Scalia and Rubalcaba approached Plaintiff's cell door to distribute his meal, and noticed that Plaintiff's cell door was over half way covered with magazine pages and it was so dark that they could not see into Plaintiff's cell. Plaintiff was ordered to uncover his cell door window. Plaintiff did not uncover his cell door window and threatened to cover it up completely. The grievance further indicates that per Administrative Segregation Operational Procedure 220, security section "H", windows and lights will remain completely uncovered at all times and refusal to comply will result in a refusal of the inmate's meal.

On February 19, 2016, the Court dismissed the original complaint for failure to state a cognizable claim for relief, with leave to amend. (ECF No. 9.)

On March 4, 2016, Plaintiff filed a first amended complaint. (ECF No. 10.) In the first amended complaint, Plaintiff attempted to cure the deficiencies with his original claims, and added claims of Fourth Amendment violations, retaliation, and "First and Fourteenth Amendment discrimination."[1]

On August 15, 2016, the first amended complaint was dismissed for the failure to state a cognizable claim for relief. (ECF No. 12.) The Court determined that Plaintiff's allegations

---

[1] The allegations of the first amended complaint did not reference Plaintiff's religion or membership in any other protected class.

4

concerning his original claims of the deprivation of meals in violation of the Eighth Amendment, due process violations during the disciplinary process, and regarding supervisory liability, did not state a claim and that further amendment was not warranted. (Id. at pp. 4-7.) The Court also determined that Plaintiff's allegations concerning his new claims of Fourth Amendment violations, retaliation, and discrimination were not sufficient to state a cognizable claim. However, he was granted leave to amend to attempt to correct the deficiencies identified with respect to those new claims.

On August 24, 2016, Plaintiff filed a second amended complaint. (ECF No. 13.) Plaintiff did not attempt to cure any deficiencies regarding his claims of Fourth Amendment violations from the first amended complaint. He made additional allegations with respect to his retaliation and discrimination claims, and also made new allegations regarding violations of the Free Exercise Clause of the First Amendment. Specifically, he alleged that he had blocked a small portion of his cell window due to religious reasons, which caused him to be refused meals due to window covers. Plaintiff claimed that his First Amendment right to freedom of religion, his Fourteenth Amendment right to equal protection, and his right to be free from retaliation, were violated.

On April 12, 2017, the second amended complaint was dismissed for the failure to state a cognizable claim for relief. (ECF No. 19.) The Court determined that Plaintiff's allegations were insufficient to state a claim for retaliation in violation of the First Amendment, and that further leave to amend was not warranted. The Court also determined that Plaintiff's allegations concerning a violation of the Free Exercise Clause and of the Equal Protection Clause were not sufficient to state a cognizable claim, but he was granted leave to attempt to correct the deficiencies identified with respect to those claims.[2]

The Court screens Plaintiff's third amended complaint in the context of this procedural history.

---

[2] Although Plaintiff was granted leave to amend it, based on the current allegations in his third amended complaint, it appears he has abandoned his claim for a violation of the Free Exercise Clause of the First Amendment.

**B.    Current Complaint Allegations**

**1.    Deprivation of Meals**

The Eighth Amendment protects a prisoner's right to receive food "adequate to maintain health." Lemaire v. Maas, 12 F.3d 1444, 1456 (9th Cir. 1993). The Ninth Circuit has held that denial of 16 meals in 23 days "is a sufficiently serious deprivation because food is one of life's basic necessities." Foster v. Runnels, 554 F.3d 807, 812-13 (9th Cir. 2009). In that case, the court did not reach the conclusion whether the meals Plaintiff did receive were adequate to maintain his health. Other cases finding a sufficiently serious deprivation involve the plaintiff being deprived of food entirely for more than two consecutive days. See Dearman v. Woodson, 429 F.2d 1288, 1289 (10th. Cir. 1970) (no food for twelve days); Reed v. McBride, 178 F.3d 849, 853 (7th Cir. 1999) ("infirm" plaintiff did not receive food for 3-4 days at a time); Robles v. Coughlin, 725 F.2d 12, 16 (2d Cir. 1983) (no food for 12 days, some consecutive, out of 53-day period). In another case, the court found that depriving plaintiff of four consecutive meals in two days is a sufficiently serious deprivation. Simmons v. Cook, 154 F.3d 05, 809 (8th Cir. 1998).

The Seventh Circuit, deciding a case involving a prisoner's meal deprivation as a result of his refusal to follow a mealtime rule, found that the plaintiff's 45-pound weight loss over a period of 2.5 years was not enough to rise to the level of cruel and unusual punishment. Freeman v. Berge, 441 F.3d 543, 547 (7th Cir. 2006). In that case, the court found that, aside from weight loss, the plaintiff had not experienced any "real suffering" or alleged any "lasting detrimental consequence." Thus, the meal deprivation was not a sufficiently serious deprivation to bring an Eighth Amendment claim. Id. at 547. The Fifth Circuit expressed doubt that the plaintiff's alleged fifteen-pound weight loss as a result of missing fifty meals in five months was enough to establish that he was deprived of "anything close to a minimal measure of life's necessities." Talib v. Gilley, 138 F.3d 211, 214 n.3 (5th Cir. 1998). Thus, although missing several meals in a short period of time may be a sufficiently serious deprivation, the deprivation does not rise to the level of an Eighth Amendment violation unless the meals the plaintiff receives are objectively not enough to maintain his health.

///

1      Plaintiff's allegations in this case do not rise to the level of a constitutional violation. Liberally construing his allegations and the exhibits he referenced in his complaint, he was denied breakfast and lunch on two consecutive days, although he did have dinner on those days. A month later, he was again denied breakfast and lunch. He does not allege any harm from these meal deprivations. These facts do not rise to a constitutional violation.

     Further, Plaintiff previously attached as an exhibit to his complaint documents indicating that his meals were refused because of Plaintiff's failure to comply with an order to remove the paper from his cell window. The fact that Plaintiff also now alleges that there was a power outage lessening the light available to see him does not refute this fact. Defendants refused Plaintiffs' meal in accord with CDCR policy allowing for the refusal of meals for an inmate's refusal to comply with orders to uncover his window and light. Plaintiff therefore fails to state a claim for relief for denial of meals.

     Plaintiff was previously notified of the applicable legal standards here and the deficiencies in his pleading multiple times, and the Court did not grant him leave to amend this claim again. Nevertheless, even considering his current allegations, the Court is persuaded that he remains unable to allege any additional facts that would support a claim for deprivation of meals in violation of the Eighth Amendment, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.")

### 2. Equal Protection Clause

     The Equal Protection Clause requires the state to treat all similarly-situated people equally. See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). To prevail on an Equal Protection claim brought under § 1983, a plaintiff must allege facts plausibly showing that "the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." See Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005) (quoting Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001)). Under this theory of equal protection, the plaintiff must show that the defendant's actions were a result of the plaintiff's membership in a suspect class, such as a religious affiliation. Id. Mere in

difference to the effect of a decision on the member of a protected class is not sufficient to show discriminatory intent, nor are conclusory statements of bias. Id. at 1166-67.

Plaintiff has not alleged membership in any protected class, nor has he shown that any actions were taken against him based on discriminatory intent or animus. Rather, Plaintiff has submitted evidence showing his meals were refused and he received a disciplinary action because of his failure to comply with orders to remove covers on his cell window, based upon CDCR policy providing for those consequences.

Therefore, Plaintiff's allegations are insufficient to state a claim for a violation of the Equal Protection clause.

**IV.**

**CONCLUSION AND ORDER**

For the above reasons, Plaintiff's third amended complaint fails to state a claim upon which relief may be granted under section 1983. Plaintiff was previously notified of the applicable legal standards and deficiencies in his pleading, and despite guidance from the Court, Plaintiff has repeatedly failed to cure the identified deficiencies. In this most recent complaint, Plaintiff has generally alleged fewer facts in support of his claims.

Based on the foregoing, it appears that there are no further facts that would support a claim for relief in this matter under 42 U.S.C. § 1983, and further amendment would be futile. See Hartmann, 707 F.3d at 1130. Due to the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, it is HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 1915A, this actions is HEREBY DISMISSED, with prejudice, for failure to state a claim;
2. This dismissal SHALL count as a strike against Plaintiff under 28 U.S.C. § 1915(g); and

///

///

3. The Clerk of the Court is directed to TERMINATE all pending motions and CLOSE this action.

IT IS SO ORDERED.

Dated: **May 4, 2017** /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE